NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SEAN DONAHUE, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 07-1254 (RBK) |
| v. | : |  |
| SHULTZ, | : | **OPINION** |
| Respondent. | : |  |

**APPEARANCES:**

    SEAN DONAHUE, #57609-066
    Fairton Federal Correctional Institution
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner Pro Se

    CHRISTOPHER J. CHRISTIE, United States Attorney
    PAUL A. BLAINE, Assistant United States Attorney
    401 Market Street
    Camden, New Jersey  08101
    Attorney for Respondent

**KUGLER, District Judge**

    On July 24, 2006, Petitioner filed with his pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the Federal Bureau of Prisons ("BOP").  The filing was made with the United States District Court for the Eastern District of Pennsylvania.  On March 15, 2007, this matter from transferred from the Eastern District of Pennsylvania to this Court.  On April 16, 2007, this Court issued an Order directing Respondent to answer the Petition.  On May 30, 2007, Respondent filed his original Answer. Following this Court's

Order of June 8, 2007, advising Petitioner of his right to file his traverse, Petitioner filed the same on June 27, 2007. On October 5, 2007, this Court directed Respondent to show cause as to why a writ should not be granted to Petitioner by providing the Court with supplemental documents in support of Respondent's Answer. On October 17, respondent filed his supplemental Answer. For the reasons expressed below, the Court denies Petitioner's application for a writ of habeas corpus.

## I.  BACKGROUND

The essential facts of this matter are not in dispute. On April 22, 2003, law enforcement authorities from the Philadelphia Police Department arrested Petitioner, a person with extensive criminal history who, at the time, was on probation for two previous Pennsylvania convictions. The events of April 22, 2003, resulted in certain federal charges underlying Petitioner's federal conviction and his current federal term of imprisonment, as well as in certain state charges that were, eventually, dismissed by state courts. However, even though these state charges were eventually dismissed, Petitioner, after his arrest, entered and remained in Pennsylvania's legal custody in light of his violation of his previous state probation sentences. While remaining in Pennsylvania's primary legal custody, Petitioner was taken into federal custody on June 8, 2003, pursuant to a federal writ of habeas corpus ad prosequendum, in light of his upcoming federal proceedings. While being in federal custody under the ad prosequendum writ, Petitioner was returned to state custody twice, first on October 14, 2003, and then on October 27, 2003, for sentencing with respect to his two violations of probation detainers. The state court imposing the second sentence directed that this sentence would run concurrently with the first one, effectively causing a merger of these sentences.

On December 12, 2003, Petitioner was sentenced by the United States District Court for the Eastern District of Pennsylvania to a term of imprisonment (substantially longer than the state sentences imposed for Petitioner's violations of probation detainers) and directed that the federal sentence should run concurrently with the above-discussed state sentences. After being so sentenced in the federal court, Petitioner was returned to state custody and began serving his state sentence in a state penitentiary. In light of the federal court's ruling, the BOP designated the state penitentiary where Petitioner was serving his state sentences as the place for service of Petitioner's federal sentence, hence crediting Petitioner's federal term with the time he was to serve in Pennsylvania facility until his transfer to federal custody upon expiration of the merged state sentences. In addition, since the period from Petitioner's arrest on April 22, 2003, to the state court's first sentencing on October 14, 2003, was not credited against either one of Petitioner's merged state sentences, the BOP also credited Petitioner's federal term with that period of time. Having the time from his arrest to his first state sentencing, as well as that from his federal conviction and until expiration of his merged state sentences credited against his federal term, Petitioner requested the BOP to credit his federal term with the remaining "gap period," i.e., the time of his incarceration from the first state sentencing to the date of his federal sentencing.[1]

---

[1] Petitioner and Respondent's position as to the actual beginning and ending dates of this period differ by one day on each end of this period, that is, while Petitioner asserts that the BOP failed to credit him for the period from October 13, 2003, to December 12, 2003, Respondent provides evidence that the actual period in dispute is that from October 14, 2003, to December 11, 2003. See Ans. at 8, n. 3 (listing supporting documentary material). In other words, Petitioner's request to credit him with both October 13, 2003, and December 12, 2003, has been already granted by the BOP, and this point is moot for the purposes of this Court's review. This Court, while noting that the record indeed supports Respondent's assertion that the disputed period is two days shorter than what Petitioner claims it is, finds the discrepancy immaterial to the legal analysis at hand.

After having his request refused and duly exhausting his administrative remedies, Petitioner filed his Petition seeking this remaining credit. In a few sentences constituting his statement of claim, as well as in his traverse, Petitioner asserts that he should be entitled to this remaining credit in light of the facts that: (a) his federal sentence was directed to run concurrently to his already concurrent state sentences, and (b) during the "gap period," Petitioner was held, predominantly, in physical custody of federal authorities.

## II. DISCUSSION

**A. Jurisdiction**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

This Court has jurisdiction under § 2241 to consider the instant Petition because Petitioner seeks not to vacate or correct his sentence, but to implement the sentence as imposed. See Rios v. Wiley, 201 F.3d 257, 270-71 (3d Cir. 2000) (where prisoner asserts that BOP failed to effectuate sentence, habeas remedy is appropriate); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing). Moreover, if the government erred in calculating his sentence, the addition of 19 months to Petitioner's federal sentence carries a potential for a miscarriage of justice that can be corrected through habeas corpus. Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden v. Keohane, 921 F.2d 476 (1991).

4

**B.  Merits**

The BOP correctly concluded that Petitioner is not entitled to additional credit toward his federal sentence for the "gap period."  The key statute at issue is 18 U.S.C. § 3585(b), and it provides, in pertinent parts, as follows:

> Credit for prior custody. --  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.

Hence, under § 3585(b), the Attorney General, through the BOP, is authorized to grant a prisoner credit for pre-sentence detention, see id.; United States v. Wilson, 503 U.S. 329, 333-35 (1992), but Congress has specified that the credits must be limited to the period of time "that has not been credited against another sentence." Id.

While Section 3585(b) governs calculation of a federal sentence by the BOP, § 3584 gives the sentencing federal court the power to impose a sentence that runs concurrent to an already running state sentence.[2]

---

[2] Specifically, Section 3584 provides:

> (a)   Imposition of concurrent or consecutive terms.-- If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b)   Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a

(continued...)

In light of joint reading of §§ 3585(b) and 3584, the courts established a legal doctrine entitling inmates to the so-called Willis credit. Under this doctrine, originally established in Willis v. United States, 438 F.2d 923 (5th Cir. 1971), an adjustment can be made when non-federal and federal sentences are running concurrent to each other; then, an inmate may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, *up to the date when the first sentence (be it state or federal) commences*.

Here, it is undisputed that the BOP duly granted Petitioner his full Willis credit covering the period from Petitioner's arrest on federal charges to commencement of Petitioner's first state sentence.[3] Contrary to Petitioner's apparent belief, the Willis doctrine is inapplicable to Petitioner's

---

[2](...continued)
        term of imprisonment is being imposed, the factors set forth in section 3553(a).
(c)    Treatment of multiple sentence as an aggregate.-- Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002) (sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guideline § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving); Rios, 201 F.3d 257 (same).

[3] The first-sentence-commencement cut-off point ensues from two aspects of § 3585(b): (1) the express language allowing credit only for the "detention *prior* to the date the sentence commences"; and (2) equally express prohibition against dual crediting. Thus, Willis credit is applicable only to the pre-sentencing period during which the petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense." Willis, 438 F.2d at 925. Otherwise, i.e., where the petitioner is denied release bail by the state for reasons other than the federal detainer, the pre-sentencing period is credited against the petitioner's state sentence and, under the prohibition against dual crediting, cannot be credited against the federal sentence, hence excluding this scenario from the Willis rule. In the case at bar, the record indicates substantial uncertainty as to whether Petitioner was actually denied bail because of the federal detainer. However, after a substantial effort to
(continued...)

"gap period": it is inapplicable to *any* period of incarceration *after* his first state sentence commenced.

Moreover, Petitioner could not have begun to accrue any non-Willis credit toward his federal sentence until that federal sentence was imposed since, under § 3585(a), a sentence to a term of federal imprisonment begins on the date the defendant is received into official federal custody. See 18 U.S.C. § 3585(a) ("Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"). Usually, a receipt into official federal custody occurs when a prisoner *physically* enters a federal correctional facility for the purpose of serving his federal term. However, if the prisoner is serving a state term of imprisonment, and the federal court imposing the federal sentence directs, in accordance with § 3584, concurrence of this being-imposed federal term with the already-running state term, the prisoner's federal term is deemed *legally* commenced on the date of such federal sentencing (but, in no event, prior to such federal sentencing in light of the bar posed by § 3585(a)). Consequently, neither § 3585(a) nor § 3584, nor any other statute or case law, gives Petitioner a right to credit for the period of his incarceration that occurred *after* his first state sentence commenced but *before* his federal sentence was imposed, i.e., the "gap period."[4]

---

[3](...continued)
determine the issue with as much certainty as possible, the BOP resolved the remaining minor ambiguities in favor of Petitioner and afforded him maximum Willis credit available under the law.

[4]
In the event: (a) an inmate who is serving his state sentence has his federal sentence imposed, *and* (b) the state sentence is recommended to run concurrently with the anticipated but yet hypothetical future federal sentence, *and* (c) the federal court imposing the federal sentence fails to
(continued...)

Only in the event Petitioner's federal court (directing, pursuant to § 3584, that Petitioner's federal sentence would run concurrently with his merged state sentences) ordered that such concurrence of federal and state sentences would be *retroactive*, i.e., that the federal sentence being imposed would be deemed started at the time when Petitioner's first state sentence was imposed, such express judicial directive could provide Petitioner with a credit covering his "gap period." See Ruggiano v. Reish, 307 F.3d at132. However, as Petitioner's sentencing order and transcript indicate, Petitioner's federal judge, while expressly stating the judge's intention to have Petitioner's federal sentence run concurrently to the merged and already-running state sentences, made no

---

⁴(...continued)
expressly direct or prohibit concurrence of the being-imposed federal term with the already-running state sentence, *and* (d) upon completion of his state sentence and transfer into federal custody for the purpose of serving his federal sentence, the inmate learns that the period of time from the imposition of his federal sentence to expiration of his state sentence was not credited against his federal sentence, the inmate may petition the BOP to exercise the BOP's discretion in designating, nunc pro tunc, the place of the inmate's previous state custody as a place for service of the inmate's federal term, hence granting the inmate a credit for the period of time running from imposition of his federal sentence to expiration of the state sentence. See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). However, under Barden, an inmate may seek credit only for the time served in state custody *after* imposition of his federal sentence. Nunc pro tunc designation under Barden is not available for Petitioner because Petitioner seeks credit against his federal sentence for the "gap time" he served in state custody *before* he was sentenced on his federal charges. Barden does not authorize the BOP to award credit for time in state custody *prior* to imposition of a federal sentence. See, e.g.,Gonzalez v. Hawke, 2006 U.S. Dist. LEXIS 63021, at *18 (D.N.J. Aug. 21, 2006). As for the time Petitioner spent in state custody *after* imposition of his federal sentence, the Barden analysis is inapplicable (and unnecessary) since Petitioner's federal court expressly ordered Petitioner's federal sentence to run concurrently with his already running merged state sentences (and the BOP duly implemented that order rendering the whole issue moot). Finally, the Court notes that Petitioner errs in his assertion that the outcome of the legal analysis would be different had his claims been read through a presumption that the state sentences were ordered to run concurrently with his federal sentence (rather than through the prism of the fact that his federal sentence was ordered to run concurrently to his merged state sentences), since Petitioner's state court could neither bind the BOP by ordering concurrence of the being-imposed state sentences with the yet-not-imposed and, hence, hypothetical future federal sentence, nor remove the hypothetical aspect by actually imposing the federal sentence, even if the state court wished to do so. Cf. Barden, 921 F.2d at 483.

statement suggesting, even remotely, the judge's intention to have such concurrence applied retroactively. Therefore, Petitioner's sentencing order and accompanying transcript provide him with no cognizable basis to seek credit for his "gap period." See Allan v. Johns, 2006 U.S. Dist. LEXIS 21025, at *3 (W.D. Pa. Apr. 7), aff'd 205 Fed. Appx. 934 (3d Cir. 2006) ("The [sentencing judge's] statement 'shall run concurrent,' with no reference to past credit, clearly conveys an intent that the concurrent status of the federal sentence [is] to begin on the date [when] such federal sentence [is] commenced").

      Petitioner, nonetheless, maintains that he should be entitled to the "gap period" credit because Petitioner spent substantial parts of his "gap period" in *physical* custody of federal authorities. This argument is without merit since Petitioner, while being mostly in physical federal custody during the "gap period," was remaining in primary legal custody of the State: he was only secondarily in federal custody, pursuant to a writ of habeas corpus ad prosequendum. In other words, because Petitioner was only "borrowed" by federal authorities for the purposes of his federal trial and sentencing proceedings, he remained in primary custody of the State. See Rios, 201 F.3d at 271-74; Huffman v. Perez, 230 F.3d 1358, 2000 U.S. App. LEXIS 30418 (6th Cir. 2000) (time spent in the custody of the United States Marshal pursuant to a federal writ of habeas corpus ad prosequendum from state custody does not qualify as federal custody in connection with the federal offense); see also Easley v. Stepp, 5 Fed. App. 541 (7th Cir. 2001) (holding that the time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in primary custody of the sending state until that sovereign state relinquishes jurisdiction over him).

In view of the foregoing, the Court concludes that the BOP properly provided Petitioner with all credit he is entitled to receive under the law, and will deny the Petition.

### III.  CONCLUSION

For the reasons set forth above, the Court will deny Petitioner's application for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

An appropriate Order accompanies this Opinion.


                                   s/Robert B. Kugler
                                   **ROBERT B. KUGLER, U.S.D.J.**


Dated: March 17, 2008